**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSEPH LIBERIO, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 5:25-cv-06528 |
| | : | |
| STADIUM CASINO RE LLC, et al., | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                           **February 17, 2026**

## I.    OVERVIEW[1]

On December 2, 2023, Plaintiff Joseph Liberio was visiting Live! Casino & Hotel Philadelphia when the chair he sat on collapsed, causing serious injuries. *See* Compl. ¶¶ 1, 16, 18, 24 (ECF No. 1-2). Plaintiff brought a premises liability lawsuit in Philadelphia County Court of Common Pleas against Stadium Casino Re, LLC doing business as Live! Casino & Hotel Philadelphia ("Live!"), Stadium Casino Philadelphia, LLC ("Stadium"), Cordish Philadelphia Investments, LLC ("Cordish Philadelphia"), the Cordish Companies, GLP Capital, L.P. ("GLP"), and unknown corporations (collectively "Defendants"). *See generally id.*

Live!, Stadium, Cordish Philadelphia, the Cordish Companies, and GLP (collectively, "Removing Defendants") timely removed the action to this District. *See generally* Notice of Removal (ECF No. 1). Despite acknowledging that GLP is a Pennsylvania citizen—thus destroying complete diversity—Removing Defendants maintain that this Court can exercise

---

[1] The Court focuses on the Complaint at the time of removal and accepts Plaintiff's factual allegations as true, as we must at this early stage.

diversity of citizenship jurisdiction due to the fraudulent joinder doctrine. *See id.* ¶¶ 20-23. Specifically, Removing Defendants claim that GLP is a fraudulent party because it was a landlord out of possession at the time of the incident. *See id.* ¶ 23. Plaintiff moves to remand and requests sanctions under 28 U.S.C. § 1447(c). *See generally* Mot. to Remand (ECF No. 11). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion to Remand but **DENIES** its request for sanctions.

## II.      LEGAL STANDARD

A defendant may remove a civil action initiated in state court "to federal district court if the federal court would have had original jurisdiction over the claim." *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (citing 28 U.S.C. § 1441(a)). If the removing party asserts diversity of citizenship jurisdiction as the basis of removal, as Removing Defendants do here, the amount in controversy must exceed $75,000 and the parties must be completely diverse. *See id.* (citing 28 U.S.C. §§ 1332(a), 1441(a); *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)). Courts narrowly construe the removal statute and resolve "any doubt in favor of the plaintiff's choice of forum in state court." *Avenatti v. Fox News Network LLC*, 41 F.4th 125, 130 (3d Cir. 2022) (citing *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)). Establishing jurisdiction is the removing party's burden. *Id.* (citing *Jevic*, 575 F.3d at 326).

The doctrine of fraudulent joinder is an exception to diversity jurisdiction's "complete diversity" requirement. *Id.* at 133 (quoting *In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006)). District courts can "assume jurisdiction over cases containing non[-]diverse defendants where it can be shown that they were joined 'solely to defeat diversity jurisdiction.'" *Id.* (quoting *In re Briscoe*, 448 F.3d at 216). "Joinder is fraudulent where there is no reasonable basis in fact or

colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)).

The removing party asserting fraudulent joinder faces "a very high bar." *Avenatti*, 41 F.4th at 133. In assessing whether joinder is fraudulent, the district court must focus on the complaint at the time of removal, "assume as true all factual allegations of the complaint," and "resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *In re Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851-52). Joinder will only be considered fraudulent if "the claims against the non-diverse defendant could be deemed wholly insubstantial and frivolous." *Id.* at 218 (citation modified). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Avenatti*, 41 F.4th at 133 (quoting *Batoff*, 977 F.2d at 851).

Though similar to the motion to dismiss inquiry, the jurisdictional inquiry on a motion to remand is "less searching than the inquiry into the validity of a complaint." *Figueroa v. Homegoods*, 2019 U.S. Dist. LEXIS 29198, at *4 (E.D. Pa. Feb. 25, 2019) (citation modified) (quoting *Batoff*, 977 F.2d at 852). Indeed, it is impermissible for the Court to conduct a merits determination under "the guise of deciding whether the joinder was fraudulent." *See In re Briscoe*, 448 F.3d at 217-18 (quoting *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990)); *see also Batoff*, 977 F.2d at 852 (holding the district court improperly "convert[ed] its jurisdictional inquiry into a motion to dismiss"). "[W]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties

were fraudulently joined based on its view of the merits of those claims or defenses." *In re Briscoe*, 448 F.3d at 218 (quoting *Boyer*, 913 F.2d at 113).

### III.    ANALYSIS

#### a.    Motion to Remand

Removing Defendants do not contest that GLP is a citizen of Pennsylvania, nor that GLP owns the building. *See* Notice of Removal, ¶ 20 (ECF No. 1); Mem. of L. in Supp. of Resp. to Mot. to Remand, at 3-4 (ECF No. 12-2) (showing GLP leases the property to Stadium); Mem. of L. in Supp. of Resp. to Mot. to Remand, at Ex. C (ECF No. 12-6) (naming GLP as "landlord"). Instead, Removing Defendants claim that Plaintiff fraudulently joined GLP because GLP was a "landlord out of possession at the time of the alleged incident." *See* Notice of Removal, ¶ 23 (ECF No. 1); Mem. of L. in Supp. of Resp. to Mot. to Remand, at 3-4 (ECF No. 12-2).

Under Pennsylvania law, "[a] possessor of land owes a duty of care to those who enter the premises." *Simone v. Alam*, 333 A.3d 359, 367-68 (Pa. 2025) (citing *Gutteridge v. A.P. Green Servs., Inc.*, 804 A.2d 643, 655 (Pa. Super. Ct. 2002) (en banc)). That duty "arises out of the possession and control of the premises," not ownership. *Id.* at 368 (Pa. 2025) (citing *Dinio v. Goshorn*, 270 A.2d 203, 206 (Pa. 1969)). A landlord out of possession generally owes no duty to third parties who are injured on the leased premises. *Jones v. Levin*, 940 A.2d 451, 454 (Pa. Super. Ct. 2007). The reason is that the law views a lease as "the equivalent of a sale of the land for the term of the lease." *Id.* Therefore, "liability is premised primarily on possession and control, and not merely [on] ownership." *Id.* (quoting *Deeter v. Dull Corp.*, 617 A.2d 336, 339 (Pa. Super. Ct. 1992)).

But the general rule for out-of-possession landlords is subject to several exceptions. *Henze v. Texaco Inc.*, 508 A.2d 1200, 1202 (Pa. Super. Ct. 1986)). The landlord can still incur liability if: (1) the landlord "has reserved control over a defective portion of the demised premises;" (2)

4

"the demised premises are so dangerously constructed that the premises are a nuisance per se;" (3) the lessor knows "of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee;" (4) "the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee;" (5) "the lessor undertakes to repair the demised premises and negligently makes the repairs;" or (6) "the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises." *Id.* (citations omitted).

Both parties point to cases addressing whether the Court should remand based on the non-diverse party being a "landlord out of possession." Plaintiff argues that courts in this District have rejected this very argument. *See* Pl.'s Br. in Supp. of Mot. to Remand, at 7-9 (ECF No. 11-1) (citing *Anderson v. Phila. Suburban Dev. Corp.*, 322 F. Supp. 2d 582, 583, 586 (E.D. Pa. 2004) (Brody, J.) (granting remand where there was a possibility the state could find that plaintiff stated a cause of action against non-diverse landlord); *Figueroa*, 2019 U.S. Dist. LEXIS 29198, at *5-6 (Beetlestone, J.) (granting remand where plaintiff pled the non-diverse landlord "owned, occupied, operated, maintained, possessed and controlled the real property with improvements thereon, including all interior walking areas"); *Reddick v. Burlington Store, Inc.*, No. CV 21-5075, 2021 WL 6051567, at *4 (E.D. Pa. Dec. 21, 2021) (Pratter, J.) (rejecting defendants' argument that lease and written agreements revealed Burlington was solely responsible for escalator that allegedly caused plaintiff's injuries because defendants are asking court to "engage in the sort of analysis it would do at the motion to dismiss stage"); *Durna v. Smith*, 1995 U.S. Dist. LEXIS 13395, at *3 (E.D. Pa. Sept. 12, 1995) (Fullam, J.) (denying motion to dismiss where landlord could be liable)). Meanwhile, Removing Defendants claim courts from this Circuit have denied remand based on

the "landlord out of possession" rule. Mem. of L. in Supp. of Resp. to Mot. to Remand, at 4-5 (ECF No. 12-2) (citing *Thomas v. GLP Capital, L.P.*, No. 24-cv-1635, at 5-6 (E.D. Pa. May 14, 2024) (Diamond, J.) (denying remand where non-diverse defendant was a landlord out of possession and no exception to the general rule applied); *Oressey v. KinderCare Educ. LLC*, No. 3:18-CV-00400, 2018 WL 2287629, at *3 (M.D. Pa. May 18, 2018) (same)).

The Court agrees with the approach in *Anderson*, *Figueroa*, and *Reddick*. The Third Circuit makes clear that the Court must not "convert its jurisdictional inquiry into a motion to dismiss" under "the guise of deciding whether the joinder was fraudulent." *See In re Briscoe*, 448 F.3d at 217-18 (quoting *Boyer*, 913 F.2d at 112); *Batoff*, 977 F.2d at 852. *Anderson*, *Figueroa*, and *Reddick* all recognized that analyzing the applicability of the "landlord out of possession" rule and its exceptions would result in making a merits-based decision. *See Anderson*, 322 F. Supp. 2d at 586 (concluding there was no need to analyze further because "a claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction"); *Reddick*, 2021 WL 6051567, at *4 (explaining analyzing the lease agreements' effect on the complaint "asks this Court to engage in the sort of analysis it would do at the motion to dismiss stage"); *Figueroa*, 2019 U.S. Dist. LEXIS 29198, at *5-6 (noting plaintiff's complaint supported a colorable claim where he alleged that all defendants "owned, occupied, operated, maintained, possessed and controlled the real property with improvements thereon, including all interior walking areas"). Accordingly, the Court turns to the complaint at the time of removal, assumes as true all its factual allegations, and resolves uncertainties of the landlord-out-of-possession rule in Plaintiff's favor. *See In re Briscoe*, 448 F.3d at 217.

Plaintiff alleged, among other things, that: (1) Plaintiff was a business invitee at Defendants' business; (2) Defendants owned, controlled, and/or operated the premises and property; (3) Defendants knew they had a defective chair on the premises; and (4) Defendants knew that invitees such as Plaintiff would not discover the dangers of sitting on the chair. *See* Compl. ¶¶ 16-17, 21, 23 (ECF No. 1-2); *see also id.* ¶ 70 (pleading GLP specifically "owned, controlled, and/or operated" the property and premises). Further, Plaintiff alleged that GLP is one of these "Defendants," GLP had a duty "to provide a safe establishment free from hazards," the defective chair was within GLP's "care custody and control," and GLP's negligence caused Plaintiff's injuries. *See id.* ¶¶ 17, 68-77.

Taking Plaintiff's allegations as true, as the Court must, Plaintiff has established a colorable claim that GLP had control over the defective chair within the premises. *See Figueroa*, 2019 U.S. Dist. LEXIS 29198, at *5-6.[2] Thus, the Court lacks the jurisdiction to "fully examine [the] merits" of Plaintiff's claim against GLP. *See Anderson*, 322 F. Supp. 2d at 586 (citing *Batoff*, 977 F.2d at 854).

### b. Sanctions Under 28 U.S.C. § 1447(c)

Although the Court grants Plaintiff's Motion to Remand, the Court declines to grant Plaintiff costs and attorneys' fees under 28 U.S.C. § 1447(c). *See id.* at 587 (explaining imposition of costs under Section 1447(c) is discretionary). The Third Circuit has not spoken on this discrete

---

[2] Removing Defendants expect the Court to rule in their favor based on the terms of the lease. Yet, Removing Defendants did not even provide the lease to the Court or to Plaintiff, claiming it is "confidential and proprietary." *See* Mem. of L. in Supp. of Resp. to Mot. to Remand, at 3 n.1 (ECF No. 12-2) (explaining Removing Defendants would give the Court "a complete copy of the lease for *in camera* review") Instead, they provided the "Memorandum of Lease," which—in the Memorandum's own words—cautions that its "only purpose" is "to give notice of the Lease." *See id.* at Ex. C (ECF No. 12-6). Removing Defendants' apparent unwillingness to share the lease with Plaintiff only bolsters Plaintiff's claim that remand is appropriate, as some of the exceptions to the landlord-out-of-possession rule turn on the lease itself.

issue, and other judges within this Circuit have arrived at the opposite conclusion. *See Thomas*, No. 24-cv-1635, at 5-6; *Oressey*, 2018 WL 2287629, at *3. Therefore, Removing Defendants argued in good faith that removal was appropriate under the doctrine of fraudulent joinder.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 11) is **GRANTED in part**. An appropriate Order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge